**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| SUSAN LANDGRAF § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | |
| TRS RECOVERY SERVICES, INC. § | |
| Defendant § | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Susan Landgraf, hereinafter referred to as Plaintiff complaining against TRS Recovery Services, Inc., hereinafter referred to as Defendant, and for cause of action would respectfully show unto the court as follows:

**NATURE OF ACTION**

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.304(a)(8).

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

**PARTIES**

4. Plaintiff, Susan Landgraf ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Travis, and City of Austin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, TRS Recovery Services, Inc., ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and/or telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On or around January 16, 2010, Plaintiff became aware of fraudulent activity involving her checking account with Bank of America.

12. On or around January 26, 2010, Plaintiff filed a formal complaint with the Check Fraud Claims division of Bank of America, claiming that someone had manufactured false

checks with Plaintiff's checking account information, and had been using these checks to make unauthorized, illegal purchases using funds from Plaintiff's account.

13. On January 31, 2010, Plaintiff filled out an affidavit for the Check Fraud Claims division detailing the fraudulent nature of the checks used to make unauthorized purchases.

14. Shortly thereafter, the Check Fraud Claims division of Bank of America began its investigation into Plaintiff's complaint.

15. On February 25, 2010, a fraudulent and unauthorized check containing Plaintiff's account information was used for an illegal and unauthorized purchase in the amount of $372.60

16. Between January 27, 2010 and March 19, 2010, Plaintiff received numerous notices of deficiency from Bank of America regarding her overdrawn checking account (due to the fraudulent activity), including a notice of deficiency in the amount of $372.60, matching the amount of fraudulent check dated February 25, 2010.

17. Sometime after March 12, 2010, Bank of America referred the alleged $372.60 debt to Defendant to proceed with collection of the alleged debt.

18. On March 22, 2010, Bank of America wrote Plaintiff informing her that it had detected fraudulent activity, and resolved her claims of identity theft and check fraud in her favor, issuing her a permanent credit in the amount of $1,559.89.

19. On March 22, 2010, Defendant wrote Plaintiff a letter demanding payment in the amount of $397.60, consisting of $372.60 for the overdrawn, fraudulent check dated February 25, 2010, and an additional $25.00 service fee.

## COUNT I: VIOLATION OF THE FDCPA

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant representing to Plaintiff that she remains legally obligated to repay a debt that was the result of identity theft.

22. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

23. Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

24. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

25. Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

26. Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

27. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

28. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TDCPA

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 though 19.

30. Defendant violated Tex. Fin. Code § 392.304(a)(8) (TDCPA) by misrepresenting the character, extent, or amount of a consumer debt, including representing to Plaintiff that she remains legally obligated to repay a debt that was the result of identity theft.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA;

b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff
WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that 10th day of August, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz